Cooper & Kirk
Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

Charles J. Cooper
ccooper@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

October 17, 2011

The Honorable Alice M. Batchelder
Chief Judge
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

Re: Participation of Intervenor Eric Russell in the En Banc Rehearing of *Coalition to Defend Affirmative Action, et al. v. Regents of the University of Michigan, et al.*, Nos. 08-1387/1389/1534/09-1111

Dear Chief Judge Batchelder:

I write on behalf of Appellant-Intervenor Eric Russell to inform the Court of his status as a party to the above-captioned case and of his desire to participate in the en banc proceedings before this Court. The briefing order issued in this case omits any reference to Mr. Russell, Briefing Letter, No. 08-1389, *et al.* (6th Cir. Sept. 9, 2011); *see also* Ruling Granting Motion to Extend Time to File Supplemental Briefs, No. 08-1389, *et al.* (6th Cir. Sept. 28, 2011), and he seeks the Court's guidance in the event that the course outlined below does not accord with the Court's wishes.

## 1. Mr. Russell has preserved his appeal of the district court's order granting summary judgment and dismissing him as a defendant, and that order is now before the full court.

Mr. Russell was permitted to intervene as a party defendant in this case in the district court, and he has thoroughly and actively defended Proposal 2 at every stage of the proceedings. Upon the grant of any motion to intervene, "the intervenor is treated as if the intervenor were an original party and has equal standing with the original parties." 7C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1920 (3d ed. 2011). Indeed, it was Mr. Russell who vindicated the interests Proposal 2 was intended to protect when he alone successfully sought from this Court a stay of the district court's preliminary injunction that would have delayed the implementation of the measure. *See Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 240, 253 (6th Cir. 2006). In the same opinion that granted Mr. Russell's stay request, this Court approved the district court's decision to allow him to intervene. *Id.* at 243-44. Nevertheless, the district court subsequently granted the Cantrell

Plaintiffs' motion seeking summary judgment against Mr. Russell as a defendant, *Coalition to Defend Affirmative Action v. Regents of the Univ. of Mich.*, 539 F. Supp. 2d 960 (E.D. Mich. 2008), at the same time that it upheld the constitutionality of Proposal 2 on the merits, *Coalition. to Defend Affirmative Action v. Regents of the Univ. of Mich.*, 539 F. Supp. 2d 924, 950–58 (E.D. Mich. 2008).

Mr. Russell timely appealed the district court's order granting summary judgment against him, and during the panel proceedings in this case, Mr. Russell moved the Court to consolidate his appeal (No. 08-1389) with Case Nos. 08-1387, 09-1111, and 08-1534, and to allow Mr. Russell to participate in the merits briefing and argument of the issues in Case Nos. 08-1387 and 09-1111. The Court denied that motion except to the extent it permitted Mr. Russell to file an amicus brief. Order, No. 08-1389, *et al.* (6th Cir. Nov. 9, 2009). In its decision declaring Proposal 2 unconstitutional, the panel also affirmed the district court's dismissal of Mr. Russell as a defendant. *Coalition to Defend Affirmative Action v. Regents of the Univ. of Mich.*, 652 F.3d 607, slip. op. at 3, 39, 40 (6th Cir. 2011).

The panel's decision, including its affirmance of the district court's grant of summary judgment against Mr. Russell, has now been vacated by virtue of the Court's order granting the petition for rehearing en banc. Order, No. 08-1389, *et al.* (6th Cir. Sept. 9, 2011) (vacating the panel's judgment and restoring the case "to the docket as a pending appeal"). The parties to this case, including Mr. Russell, therefore stand in the same position as they did when these cases first were docketed in this Court. As he did at that time, Mr. Russell intends to participate as a party to the proceedings before the en banc Court in his own appeal, No. 08-1389, and he intends to participate as a party to the appeals of the district court's merits decision in Nos. 08-1387 and 09-1111. Although Mr. Russell did not petition for rehearing en banc (having decided instead to seek review by the Supreme Court, an option that remains open to him), filing a petition for rehearing en banc is not a prerequisite to any party's participation in en banc proceedings when the Court has granted the petition of another party in the same case. In *Carter v. Gallagher*, for example, "[t]he cause was submitted to the court en banc on briefs of the various parties *and the intervenors*," 452 F.2d 315, 328 (8th Cir. 1971) (emphasis added), even though the only petition for rehearing en banc was filed solely by the appellees, with whom the intervenors were aligned, *see* No. 71-1181, 1971 WL 10776 (8th Cir. Dec. 2, 1971).

## 2. <u>Mr. Russell has a continuing legal interest in the enforcement of Proposal 2.</u>

Although Mr. Russell graduated from Wayne State University Law School in May 2010, he became an employee of Oakland Community College during his last semester of law school and an employee of Oakland University upon graduation. He continues to teach at both public institutions. Proposal 2 applies no less to employees than to students of state institutions of higher education, and it therefore prevents Oakland Community College and Oakland University from granting "preferential treatment on the basis of race, sex, color, ethnicity, or national origin in the operation of public employment." Mich. Const. art. I, § 26. Mr. Russell therefore has a

continuing legal interest in its enforcement. As he will explain fully in his supplemental brief to the full court, Mr. Russell easily meets the "minimal" burden of demonstrating "a potential for inadequate representation" of his particularized interests by the Attorney General that had been repeatedly adopted as the standard in this Circuit prior to the panel's decision. *Grutter v. Bollinger*, 188 F.3d 394, 400 (6th Cir. 1999) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). The panel erred in holding otherwise. *Coalition*, 652 F.3d 607, slip. op. at 39. If Mr. Russell is correct that the panel erred in dismissing him as a party to this case, then it follows that he is entitled to participate fully in the appeals of the district court's merits decision.

**3. Mr. Russell plans to brief the full court on his status as an intervenor and on the merits of this case.**

In light of the foregoing, Mr. Russell intends to file a short supplemental brief in his appeal of his dismissal as an intervening defendant on October 25, 2011, to coincide with the supplemental brief of Plaintiffs-Appellants/Cross-Appellees Coalition to Defend Affirmative Action, *et al.*, and Plaintiffs-Appellants Chase Cantrell, *et al.* Mr. Russell also intends, absent contrary direction from the Court, to file a supplemental brief on the merits of Proposal 2 on December 27, 2011, to coincide with the supplemental brief of Defendants-Appellees/Cross-Appellants Regents of the University of Michigan, *et al.*, and Intervenor-Defendant-Appellee Attorney General Bill Schuette.

Respectfully submitted,

s/Charles J. Cooper
Charles J. Cooper
Counsel for Appellant-Intervenor Eric Russell

cc: Ms. Sharon Louise Browne
Mr. John J. Bursch
Mr. Joshua Ian Civin
Ms. Karin A. DeMasi
Ms. Shanta Driver
Mr. Mark P. Fancher
Mr. Melvin Hollowell
Ms. Sherri Sokeland Kaiser
Ms. Winifred V. Kao
Mr. Daniel M. Levy
Ms. Heather S. Meingast
Ms. Kary Leslie Moss

Ms. Margaret A. Nelson
Mr. Leonard M. Niehoff
Mr. Joseph E. Potchen
Mr. Mark D. Rosenbaum
Mr. Michael F. Smith
Mr. Michael J. Steinberg
Mr. Laurence H. Tribe
Mr. George B. Washington
Mr. William F. Young